**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **FATOU DONSO,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.:** |
| | : | |
| **vs.** | : | |
| | : | |
| **SS&C TECHNOLOGIES, INC.,** | : | |
| | : | |
| **Defendant.** | : | **October 22, 2026** |
| | | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Fatou Donso, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, SS&C Technologies, Inc., respectfully asserts:

## PARTIES

1. Plaintiff, Fatou Donso, is a resident of the State of New York.

2. Defendant SS&C Technologies, Inc. was and is a Delaware corporation with a principal place of business located at 80 Lamberton Road, Windsor, Connecticut 06095.

3. At all times material, defendant employed fifty (50) or more employees within a 75-mile radius of plaintiff's worksite for twenty or more weeks in 2025 and 2026 in an industry affecting interstate commerce. Accordingly, defendant was an employer covered by the FMLA.

4. At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Family and Medical Leave Act of 1993 ("FMLA").

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

## GENERAL ALLEGATIONS

7. Defendant employed plaintiff.

8. Defendant hired the plaintiff on or about December 18, 2023.

9. Plaintiff's job position at the time of hire was Associate Fund Accounting.

10. Defendant employs Michael Parlapiano as a senior director.

11. Parlapiano supervised the plaintiff.

12. Defendant employed Joseph Ruggiero as a supervisor.

13. Ruggiero supervised the plaintiff.

14. On or about March 30, 2026, the plaintiff emailed the defendant requesting the necessary documentation to initiate an application for intermittent FMLA medical leave.

15. Plaintiff was pregnant with twins.

16. Plaintiff required job protected intermittent FMLA medical leave to attend pregnancy-related medical appointments.

17. Defendant employs Alexis Johnson.

18. Johnson is a Senior HR Business Partner.

19. Johson received notice of plaintiff's request for intermittent FMLA medical leave.

20. On March 30, 2026, Johnson emailed the plaintiff advising her to contact MetLife to start the FMLA process and to notify her manager that she would be "needing the time away".

21. On March 30, 2026, defendant's HR Leave of Absence Team emailed the plaintiff advising her to contact MetLife to determine eligibility for applicable leave of absence under FMLA.

22. Plaintiff notified her supervisor that she was requesting intermittent FMLA medical leave.

23. On April 16, 2026, plaintiff emailed Parlapiano, Jim Spadazzi, Ryan Baker and Neil Luknois advising them that she had a scheduled doctor's appointment at 2:00 pm and would be away from work for approximately 1.5 hours. She added that she had previously informed Ruggiero of the appointment.

24. Plaintiff attended the doctor's appointment.

25. The appointment went longer than anticipated. Plaintiff notified Parlapiano, Jim Spadazzi, Ryan Baker and Neil Luknois that the appointment ran longer than expected.

26. On or about April 17, 2026, the plaintiff submitted to MetLife a completed FMLA certification form.

27. MetLife and the defendant are in communication with each other whenever an employee has requested FMLA job protected leave.

28. On May 5, 2026, the defendant notified the plaintiff that she was terminated.

29. Defendant told the plaintiff that she was terminated for "budget reasons".

30. The "budget reasons" reason for the termination was false and used as a pretext to cover up unlawful FMLA retaliation and/or discrimination.

31. Defendant terminated the plaintiff because she requested job protected FMLA intermittent medical leave.

**FIRST COUNT**
**(FMLA Discrimination/Retaliation)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

32. Plaintiff invoked her right to FMLA-qualifying leave.

33. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for exercising her rights under the FMLA by terminating her employment.

34. As a result of defendant's retaliation, plaintiff suffered and sustained harms and losses including but not limited to: loss of employment, lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

35. Defendant's actions have been willful.

**SECOND COUNT**
**(Interference with the Exercise of Rights under the FMLA)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

36. Plaintiff was actively exercising one or more rights under the FMLA when the defendant terminated her employment.

37. By terminating the plaintiff, the defendant blocked the plaintiff from using her legal rights under the FMLA.

38. As a result of defendant's interference, plaintiff suffered and sustained harms and losses, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

39. Defendant's interference has been willful.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal, vacation, holiday and sick days; FMLA liquidated damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; damages for extra taxes; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATED: October 22, 2026

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF